Craig Morris #011628
Mailing Address:
7320 N. La Cholla #154-413
Tucson, AZ 85741
TELEPHONE 520.544.9094
FACSIMILE 520.544.7894
MAIL@DCKTRUSTEE.COM

Attorney for Dianne Crandell Kerns, Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | CHAPTER 13 PROCEEDINGS |
| ROBERT C GUTIERREZ, | Case No. 4:16-bk-11212-BMW |
| ROSE M GUTIERREZ, | **TRUSTEE'S PLAN OBJECTION/EVALUATION WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED** |
| Debtors. | **RE: ORIGINAL PLAN (DKT #20)** |

DIANNE CRANDELL KERNS, Trustee, has analyzed the above-referenced plan and supporting documents on December 7, 2016 and submits the following evaluation and recommendations:

**General Requirements:**

a. Due to the possibility of errors on the claims docket, it is the Attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Stipulated Order Confirming Plan to Trustee. Trustee will not recommend confirmation, nor stipulate to confirmation, until the proof of claims issues are resolved to Trustee's satisfaction.

b. Requests by Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium. LRBP Rule 2084-10(b).

c. Trustee objects to any reduction in the Plan duration or payout in a proposed Stipulated Order Confirming Plan unless an amended modified plan is filed (using Model Plan Form 13-2) and noticed out.

d. Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. Trustee requires that any Stipulated Order Confirming Plan state: "Debtors are instructed to remit all payments on or before the stated due date each month. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge can be entered. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums, and must be included in any Stipulated Order Confirming."

f. At the time of confirmation, Debtors are required to certify, via language in the Stipulated Order confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case and that they are current on all required tax return filings [pursuant to 11 U.S.C. Sec 1325(a)(8), (9)].

g. Debtors, or Debtors' Attorney are required to provide copies of their federal and state income tax returns for each year for the duration of the Plan to Trustee. Tax returns must be forwarded **within 30 days after the returns have been filed**. All Personally Identifiable Information must be redacted prior to submission. Tax returns may be submitted to mail@dcktrustee.com. This requirement is to be included in the Stipulated Order Confirming the plan. Failure to submit tax returns may result in the dismissal of the Chapter 13 case.

h. If Debtors received a tax refund larger than $1,000 for the tax period preceding the filing of this case, the continuation of such deduction would constitute a diversion of income that would otherwise be available to creditors. Accordingly Trustee requires that Debtors (i) adjust payroll tax deductions to prevent over withholding, (ii) amend Schedule I to reflect the reduced withholding; (ii) submit to Trustee two consecutive paystubs to verify said reduction; and (iv) increase the plan payments in the Stipulated Order Confirming.

i. If Debtors are in default (in any amount) on their first mortgage the plan must propose mortgage conduit payments. If the plan does not propose a mortgage conduit, Trustee objects to confirmation. This may be resolved by amending the plan or seeking an order from the court excusing compliance with the conduit requirement. Standing Order: Conduit Mortgage Payments (Tucson Division).

**Specific Requirements:**

1. <u>Tax Refunds</u>.  If Debtor receives a tax refund in excess of $1,000 during the pendency of this case, said refund must be turned over to Trustee.  The proposed stipulated order on confirmation needs to specifically provide that such refund is a SUPPLEMENTAL payment under the plan.

2. <u>The Order Confirming Plan Must Contain the Following Language Related to Treatment of General Unsecured Claims</u>: "General Unsecured Claims. Such claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328(a)."

3. <u>Filed Proofs of Claim</u>. To date Trustee has noted that the following Creditors have filed proofs of claim that differ from the treatment proposed in the Chapter 13 Plan. **Trustee objects to the treatment of these proofs of claim. This objection may be resolved by amending the secured/priority treatment to match the proofs of claim in the Stipulated Order Confirming the Plan or by filing an objection followed by an order**: **WELLS FARGO HOME MORTGAGE and RREF CB SBL II-AZ RCG LLC**.  This objection extends to proofs of claim, if any, filed after the date of this evaluation/objection which seek treatment different from that provided for in the proposed Chapter 13 Plan.

4. <u>Wells Fargo Home Mortgage Proof of Claim 2.</u>  Trustee objects to confirmation because the creditor has filed a secured proof of claim in the amount of $909.80 for home arrears on Debtor's 1st mortgage on property at 2240 N Via De Suenos and Debtor's plan states that there are no home arrears owed.  This objection may be resolved by addressing the proof of claim and the amounts filed by creditor and have the order confirming match the claim or file an objection to the proof of claim followed by an order.

5. <u>RREF CB SBL II-AZ RCG LLC Proof of Claim 3.</u>  Trustee objects to confirmation because Creditor has filed a secured proof of claim in the amount of $395,921.00 for a judgment and Debtor's plan does not address this claim.  This objection can be resolved by addressing the proof of claim and the amounts filed by Creditor and have the creditor sign of on the order confirming plan, or by setting a hearing on confirmation of the plan to resolve valuation issues raised in creditor's plan objection.

6. <u>Unfiled Proofs of Claim</u>. To date the following creditors listed in the Plan have not filed proofs of claims: **CHASE BANK**. Trustee reserves the right to supplement or amend this paragraph.

7. Chase Bank. Trustee objects to confirmation because the creditor has filed an objection to Debtor's plan docket 21 stating that there are home arrears in the amount of $1,364.13 on Debtor's 1st mortgage on property at 5832 S 6th Ave and Debtor's plan states that there are no home arrears owed. This objection may be resolved by addressing the Creditor's objection and have the order confirming match the amount listed in Creditor's objection or by waiting for a proof of claim to be filed and then file an objection to the proof of claim. Trustee advises that Debtor's plan may need to be a conduit plan if the home arrears owed consist of any monthly mortgage payments. The Creditor's objection was used to determine feasibility.

8. Plan Payments. Debtors have made payments in the total amount of $575.00. Debtors are current on these payments through December 29, 2016. Trustee will not stipulate to confirmation unless the plan payments are current. Plan payment information may be obtained by logging on to www.ndc.org. In general, the information on this website is 24-hours old.

9. Liquidation Analysis: At this time Trustee believes that the plan **does** satisfy the liquidation analysis requirements. Trustee reserves the right to amend this conclusion.

10. Projected Disposable Income: At this time Trustee believes that the plan **does** satisfy the projected disposable income requirement of Sec 1325(b). Trustee reserves the right to amend this conclusion.

11. Plan Feasibility. The Chapter 13 plan is not feasible as currently proposed. There is a shortfall in funding in the approximate amount of $424,510.68 (includes 10% Trustee fees) this may be due to proofs of claim that have been filed for more than the plan allows. This calculation does not address additional funding shortfalls that will arise in the event that Debtor misses a plan payment or is late in making plan payments. The plan should be modified to provide sufficient cushion to address reasonably foreseeable events. However, Trustee reserves the right to file an amended evaluation requiring adjustments to the terms of the plan, including an increase in plan funding if necessary, in order to address all timely filed proofs of claim once the claims bar date has passed in this case.

12. Objections to Confirmation. Debtors shall resolve plan objections by submitting a proposed SOC to Trustee or by setting a hearing on the objection within 30 days of this objection/evaluation. If Debtors wish to confirm by stipulation, the stipulation of the objecting creditor must be obtained in writing prior to submitting a proposed SOC to Trustee. If the resolution of the objection requires changes which have an adverse impact on any other creditor under the plan (including a reduction in the amount to any creditor and/or a delay in payment), the changes must be noticed to creditors and an opportunity for objection provided. To date Trustee has noted that the following creditors have filed objections to the Chapter 13 Plan: **CHASE BANK, WELLS FARGO HOME MORTGAGE and RREF CB SBL II-AZ RCG LLC.**

13. <u>Submission of Proposed SOC</u>.  If Debtors propose to confirm the plan through a stipulated order on confirmation, a Notice of Submitting Proposed SOC should be filed with the Court, including a complete copy of the Proposed SOC as an exhibit. The Notice, SOC, and filing receipt may then be transmitted to Trustee via electronic mail (mail@dcktrustee.com) or first class mail.  Trustee will not review a proposed SOC if it does not appear on the court's docket.  Trustee considers the time for reviewing a proposed Order pursuant to Rule 2084-13(c), L.R.B.P., to begin running when all Recommendation conditions are met.[1]

RESPECTFULLY SUBMITTED this 8th day of December 2016.

OFFICE OF THE CHAPTER 13 TRUSTEE
7320 N. La Cholla #154-413
Tucson, AZ  85741

By /s/ Craig Morris 011628
    Craig Morris
    Staff Attorney for the Chapter 13 Trustee

A copy of the foregoing was filed with the
court and a copy, together with a receipt of filing,
was transmitted via electronic or first class
mail this 12/8/2016 to:

ROBERT C GUTIERREZ
ROSE M GUTIERREZ
2240 N VIA DE SUENOS
TUCSON, AZ 85745
Debtors

ERIC OLLASON
182 N COURT AVE
TUCSON, AZ 85701
Email: eollason@182court.com
Attorney for Debtors

By: <u>NC</u>

---

[1] **The alternative to stipulated confirmation is setting a contested confirmation hearing before the judge**.